1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   JARRED R. BLEVINS,

11                    Plaintiff,                CASE NO. 12-cv-5493-JRC

12         v.                                   ORDER ON PLAINTIFF'S
                                                COMPLAINT
13   CAROLYN W. COLVIN, Acting
     Commissioner of the Social Security
14   Administration[1],

15                    Defendant.

16

17         This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United

20   States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos.

21   14, 18, 19).

22   _____

23         [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security
     Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil
24   Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

After considering and reviewing the record, the Court finds that the ALJ failed to provide a specific and legitimate reason for his failure to credit fully opinions from plaintiff's examining psychological doctor, Dr. Daniel Neims, Psy.D. The ALJ also failed to discuss lay evidence provided by plaintiff's wife, thereby committing an additional legal error. Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

BACKGROUND

Plaintiff, JARRED R. BLEVINS, was born in March, 1975, and was thirty-one years old on his alleged date of disability onset of January 1, 2007 (*see* Tr. 103). He has past relevant work experience as a service technician, truck driver and rehabilitation counselor, as well as past relevant work experience in sales, shop/delivery and retail (*see* Tr. 24, 125-31). Plaintiff completed one year of college (*see* Tr. 144).

In January, 2007, plaintiff collapsed with profound fatigue and severe and generalized pain (*see* Tr. 34, 39). Plaintiff alleges a similar experience in 2005, when he was employed at the penitentiary at McNeil Island (*id.*).  Plaintiff testified that this first experience resulted in a diagnosis of diabetes (*see* Tr. 37). Plaintiff "made a comeback," in approximately October, 2005 (*see* Tr. 39), returning to work servicing coffee machines for about a year (*see* Tr. 34, 37). Then, the alleged period of disability began in January, 2007 (*see* Tr. 34, 37, 39). Plaintiff testified that he didn't have health insurance, but eventually received free health care from local doctors (*see* Tr. 39-40).

Plaintiff testified at his administrative hearing that he felt "really shaky and weak," and that he was "hurting pretty bad" at that time (*see* Tr. 40). He testified that he had felt

as such for four or five days out of that week, and on more days than not during the previous year (*id.*). Plaintiff testified that his wife "pretty much kind of carries me into the bathroom when I'm not able to actually walk" (*see* Tr. 41). According to plaintiff's testimony, his wife has to help him in this manner about five or six days a week (*see id.*). He testified that he has pain "everywhere" (*id.*).

Plaintiff testified that he takes a half to one Vicodin a day, but tries to limit his use due to fear of dependence (*see* Tr. 42). He testified that he had fatigue every day and that on a good day, he can walk a little over a city block (*id.*).  Plaintiff has at least the severe impairments of depressive disorder; fibromyalgia; disorders of muscle, ligament and fascia; generalized anxiety disorder; and diabetes mellitus type I with retinopathy (*see* Tr. 17).

<u>PROCEDURAL HISTORY</u>

Plaintiff filed applications for supplemental security income ("SSI") pursuant to Title II and disability insurance benefits ("DIB") pursuant to Title XVI of the Social Security Act in September, 2008 (*see* Tr. 103-17). His applications were denied initially in January, 2009 and following reconsideration in May, 2009 (*see* Tr. 60-63, 69-75). Plaintiff's requested hearing was held before Administrative Law Judge John D. Sullivan ("the ALJ") on March 22, 2010 (*see* Tr. 30-51). On May 5, 2010, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 12-29).

On May 4, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial

1   review (Tr. 1-5). *See* 20 C.F.R. § 404.981. In June, 2012, plaintiff filed a complaint in

2   this Court seeking judicial review of the ALJ's written decision (*see* ECF Nos. 1, 3).

3   Defendant filed the sealed administrative record regarding this matter ("Tr.") on August

4   23, 2012 (*see* ECF Nos. 11, 12).

5          In his Opening Brief, plaintiff contends that the ALJ failed to evaluate properly:

6   (1) the medical evidence, including opinions of treating primary care physician, Dr.

7   Samuel Ortiz, M.D. and examining psychologist, Dr. Daniel Neims, Psy.D., as well as

8   plaintiff's alleged somatoform pain disorder secondary to physical and psychological

9   factors; (2) the lay evidence, provided by plaintiff's wife, Ms. Sara Blevins; and (3)

10  plaintiff's credibility and testimony (*see* ECF No. 14, pp. 16-22). Plaintiff also contends

11  that the ALJ put forth an improper hypothetical to the vocational expert, on whose

12  testimony the ALJ relied when finding that plaintiff was able to perform other work in

13  the national economy and when concluding that plaintiff was not disabled pursuant to the

14  Social Security Act (*see* Tr. 22-23). Plaintiff requests remand with a direction to award

15  benefits.

16                          STANDARD OF REVIEW

17         Plaintiff bears the burden of proving disability within the meaning of the Social

18  Security Act ("the Act"); although the burden shifts to the Commissioner on the fifth and

19  final step of the sequential disability evaluation process. *Meanel v. Apfel*, 172 F.3d 1111,

20  1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995);

21  *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the

22  "inability to engage in any substantial gainful activity" due to a physical or mental

impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also  Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court must determine independently whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir.

2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121,  2012 U.S. App. LEXIS 6570 at *42 (9th Cir. 2012); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." *Stout, supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

<u>DISCUSSION</u>

1. **Whether or not the ALJ failed to evaluate properly the medical evidence**.

   a.   Examining psychologist, Dr. Daniel Neims, Psy.D.

1    Dr. Neims examined and evaluated plaintiff on February 18, 2010 (*see* Tr. 550).

2  He indicated that he had reviewed plaintiff's medical records and he conducted numerous

3  psychological tests (*see id.*). Dr. Neims included multiple pages of discussion regarding

4  plaintiff's previous medical history (*see* Tr. 551-52), and multiple pages discussing

5  plaintiff test results (*see* Tr. 554-556). Dr. Neims conducted a formal mental status

6  evaluation (*see* Tr. 554), and diagnosed plaintiff with somatoform pain disorder

7  secondary to physical and psychological factors; generalized anxiety disorder; and

8  depressive disorder NOS [not otherwise specified], moderate to marked, among other

9  diagnoses (*see* Tr. 557). Dr. Neims assessed that plaintiff's global assessment of

10  functioning ("GAF") was 48 (*see id.*).

11    The ALJ found that Dr. Neims "was able to review records up to January 2007

12  only" (*see* Tr. 22), and failed to credit the opinions from Dr. Neims, assigning them "only

13  minimal weight" (*see* Tr. 23). Instead, the ALJ gave "considerable weight" to the

14  opinions of the state agency non-examining, medical consultant (*see id.*). The ALJ

15  reasoned that "despite [Dr. Neims'] ability to interview the claimant, the lack of a

16  longitudinal perspective of the claimant's history means his evaluation is less consistent

17  with the record as a whole as compared to that of the State agency consultant" (*see id.*

18  (*citing* Exhibit 20F)).

19    The ALJ thereby rejected Dr. Neims' opinion and gave greater weight to the

20  opinions of a non-examining, state agency, medical consultant. Plaintiff argues that the

21  ALJ's reason for failing to credit fully opinion from Dr. Neims was inadequate as Dr.

22  Neims' report was based on a review of all the medical evidence of record through

February, 2010, in addition to his examination of plaintiff and his interpretation of

multiple psychological tests (*see* Opening Brief, ECF No. 14, p. 18). Plaintiff points out

that the date provided on Dr. Neims' report, relied on by the ALJ, is a typographical

error, as the CD provided to Dr. Neims was created by the Social Security Administration

on February 10, 2010 (*see id.*, p. 10 n.2). The Court is aware that plaintiff's argument

regarding the date was placed in a footnote, however, defendant fails to provide any

response to this argument by plaintiff, despite the fact that this is the only reason

provided by the ALJ for his failure to credit fully opinions from Dr. Neims (*see* Tr. 23).

The ALJ must provide "clear and convincing" reasons for rejecting the

uncontradicted opinion of either a treating or examining physician or psychologist.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Baxter v. Sullivan*, 923 F.2d

1391, 1396 (9th Cir. 1991); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if

a treating or examining doctor's opinion is contradicted, that opinion can be rejected only

"for specific and legitimate reasons that are supported by substantial evidence in the

record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043

(9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

and making findings." *Reddick, supra*, 157 F.3d at 725 (*citing Magallanes v. Bowen*, 881

F.2d 747, 751 (9th Cir. 1989)).

An examining physician's opinion generally is "entitled to greater weight than the

opinion of a nonexamining physician." *See Lester, supra*, 81 F.3d at 830 (citations

omitted); *see also* 20 C.F.R. § 404.1527(d).  A non-examining physician's or

psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan, supra*, 242 F.3d at 1149 (*citing Magallanes, supra*, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831); *see also* 20 C.F.R. § 404.1527(d)(2)(i).

First, the Court notes that even if the ALJ is correct in finding that Dr. Neims evaluated fewer records than did the state agency medical consultant, which he does not appear to be, *see infra*, that fact alone does not mean necessarily that Dr. Neims' evaluation "is less consistent with the record as a whole as compared to that of the State agency consultant" (*see* Tr. 23). That is a finding that an ALJ must explain with a detailed discussion of the facts and conflicting evidence and his interpretation thereof. *See Reddick, supra*, 157 F.3d at 725 (*citing Magallanes*, *supra*, 881 F.2d at 751).

Dr. Neims had the benefit of conducting numerous psychological tests as well as a mental status examination ("MSE"). In addition, mental impairments specifically are diagnosed with the benefit of a doctor's observation of signs of a patient's mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality,"

*see* Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 4 (Oxford University Press 1993), and in part because it is not uncommon for a person suffering from a mental illness to be unaware that his "condition reflects a potentially serious mental illness." *See Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). The MSE generally is conducted by medical professionals skilled and experienced in psychology and mental health. Although "anyone can have a conversation with a patient, [] appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status examination.'" *See* Trzepacz, *supra*, The Psychiatric Mental Status Examination 3. As the state agency medical consultant did not examine plaintiff, or conduct a MSE, the state agency consultant did not have the added benefit of observing plaintiff. Because of these facts, based on the relevant record, and because the issues herein relevant involve mental impairments, the Court concludes that the ALJ's assumption that if an opinion is from an examining doctor who has access to fewer records than an non-examining medical records reviewer, that this fact "means his evaluation is less consistent with the record as a whole" (*see* Tr. 23) is not necessarily correct in every instance and is not a finding based on substantial evidence in this record as a whole. *See Magallanes*, *supra*, 881 F.2d at 750 (*quoting Davis*, *supra*, 868 F.2d at 325-26) ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion'").

Second, the ALJ appears to have relied on his previous indication in his written decision that Dr. Neims "was able to review records up to January 2007 only" (*see* Tr.

22). However, the Court cannot conclude that this finding is based on substantial evidence in the record as a whole. *See Magallanes*, *supra*, 881 F.2d at 750 (*quoting Davis*, *supra*, 868 F.2d at 325-26).

The report by Dr. Neims includes the indication that he reviewed background data included in a "CD created by the Social Security Administration on 1/01/07 containing all documents listed on a provided disability case document index" (*see* Tr. 550). However, the Court notes that plaintiff filed his applications in September, 2008;therefore, it appears highly improbable for the Social Security Administration to have created the relevant CD with the relevant medical information over a year prior to plaintiff's application to the Social Security Administration. The date of plaintiff's applications clearly is available to the ALJ and it is included in his written decision (see Tr. 15).

In addition, the Court notes that plaintiff supports his contention that the date in Dr. Neims' report is a typographical error with an attached exhibit (*see* Opening Brief, ECF No. 14, Attachment A). Part of this exhibit is a letter from plaintiff's attorney to Dr. Neims, prior to Dr. Neims' psychological examination (*see id.* at p. 1). In this letter, dated February 18, 2010, is indicated the following statement: "I have enclosed for your review a copy of the CD created by the Social Security Administration on February 10, 2010 containing all documents listed on the attached Exhibit List Index" (*id.*).  The attached Exhibit List Index lists approximately fifty exhibits, spanning from 2005 through September, 2009 (*id.* at pp. 3-5).

For the reasons stated, and based on the relevant record, the Court concludes that the ALJ's finding that Dr. Neims only was able to review records through January 2007 only is not a finding that is based on substantial evidence in the record as a whole. *See Magallanes*, *supra*, 881 F.2d at 750 (*quoting Davis*, *supra*, 868 F.2d at 325-26). Although this finding has barely a scintilla of support, as it is indicated in Dr. Neims' report, this finding appears to be based on a typographical error.

This reason was the only reason provided by the ALJ when he rejected the opinions of Dr. Neims (*see* Tr. 23). Therefore, as this finding is not supported by substantial evidence in the record as a whole, and based on the relevant record, the Court concludes that the ALJ erred in his review of the medical evidence provided by Dr. Neims.

The Court also concludes that this error is not harmless. *See Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009). Dr. Neims provided a number of specific assessments regarding plaintiff's ability to function in a work environment (*see, e.g.*, Tr. 562-64).  For example, Dr. Neims opined that plaintiff suffered from marked limitation in his abilities to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances and to complete a normal workday and workweek without interruption from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (*see* Tr. 563-64). According to these assessments, plaintiff generally was "able to perform the designated task or function, but with noticeable

difficulty affecting function 2-4 hours in an average workday or 10-20 hours in an average workweek" (*see* Tr. 563). The term "noticeable difficulty" is described in this context as "the individual is distracted from the job activity or the quality of performance would be likely to attract negative attention from a supervisor" (*id.*). The ALJ's evaluation of plaintiff's residual functional capacity ("RFC"), however, included the determination that plaintiff's "impairments would not cause him to require absences in excess of customary industry allowances" (*see* Tr. 20).

Based on a review of Dr. Neims' report and the ALJ's written decision, the Court finds that the ALJ's conclusions regarding plaintiff's RFC is not consistent with Dr. Neims' opinions. Since the hypothetical presented to the vocational expert was based on this RFC, and since the ALJ relied on the testimony of the vocational expert when making the ultimate determination regarding plaintiff's non-disability status, the ALJ's error in his evaluation of Dr. Neims' opinions was not a harmless error (*see* Tr. 24-25). *See Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinseki*, 556 U.S. at 407.

In addition, the Court concludes that many other Dr. Neims' opinions likewise appear not to have been credited by the ALJ. Dr. Neims indicated his opinion that plaintiff was "seen as impaired from sustained gainful employment relative to somatoform disorder for the foreseeable 12 months or longer" (*see* Tr. 558). Although an ALJ need not credit a doctor's opinion on the ultimate issue of disability, this opinion further demonstrates the harmfulness of the ALJ's error in failing to evaluate properly the opinions of Dr. Neims.

1    Due to the harmful error in the ALJ's review of Dr. Neims' opinion, and based on

2 the relevant record, the Court concludes that this matter must be reversed and remanded

3 for further consideration.

4              b.  Plaintiff's alleged somatoform pain disorder secondary to physical and

5                  psychological factors

6    This Court already has determined that this matter must be reversed and remanded

7 due to the faulty evaluation of Dr. Neims' opinions, *see supra*, section 1.a. Dr. Neims'

8 report included the following assessment:

9

10       The claimant is provided diagnosis of somatization disorder relative to
         review of background medical records and testing responses this date.
11       This diagnosis is predicated upon historical medical findings which do
         not sufficiently explain the level and scope of impairment. It is possible
12       that the underlying causes for his pain complaint has not been
         discovered, however based upon available evidence and opinion of his
13       rheumatologic providers and test results this date it is clear that
         significant impact of psychological factors are present and impact his
14       perception of chronic pain and somatic difficulties. Pain concerns and
         cognitive disruptions in excess of that predicted by providers are seen as
15       stemming from somatoform pain disorder.
          .   .   .   .
16       The claimant is seen as impaired from sustained gainful employment
         relative to somatoform disorder for the foreseeable 12 months or longer.
17

18 (Tr. 557-58).

19    The ALJ did not credit fully Dr. Neims' diagnosis and assessment of somatoform

20 pain disorder secondary to physical and psychological factors. The ALJ did not find that

21 plaintiff's alleged somatoform pain disorder was a severe impairment, thus indicating his

22 determination that this alleged disorder had no more than a minimal effect on plaintiff's

23 ability to work (*see* Tr. 17). *See Smolen, supra*, 80 F.3d at 1290 (*quoting Yuckert v.*

24

*Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)) ("An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work'"). As Dr. Neims opined that this disorder was disabling, the ALJ's step two finding, his RFC and his ultimate determination regarding plaintiff's disability status, all are contrary to Dr. Neims' report.  The Court concludes that the ALJ failed to include a "detailed and thorough summary of the facts and conflicting clinical evidence" regarding plaintiff's somatoform pain disorder. *See Reddick, supra*, 157 F.3d at 725 (*citing Magallanes*, *supra*, 881 F.2d at 751). As this impairment potentially is disabling, the failure to consider it properly is an additional harmful error. Following remand of this matter, plaintiff's alleged somatoform pain disorder should be evaluated thoroughly.

c.   Treating primary care physician, Dr. Samuel Ortiz, M.D.

The errors in the ALJ's assessment of plaintiff's mental impairments and mental RFC require that this matter be remanded for further administrative proceedings, *see supra*, sections 1.a, 1.b. Plaintiff's alleged somatoform pain disorder secondary to physical and psychological factors must be analyzed thoroughly following remand of this matter, *see supra*, section 1.b. Evidence regarding these mental impairments include Dr. Neims' assessment that plaintiff's psychological factors "impact his perception of chronic pain somatic difficulties" (*see* Tr. 558). Dr. Neims also indicated that "[p]ain concerns and cognitive disruptions in excess of that predicted by providers are seen as stemming from somatoform pain disorder" (*see id.*).

The assessments from Dr. Neims regarding plaintiff's somatoform pain disorder secondary to physical and psychological factors indicate that plaintiff's mental impairments were linked with his physical impairments to an extensive degree. For this reason, and because the Court already has determined that the ALJ failed to evaluate properly Dr. Neims' assessment of plaintiff's mental impairments, the Court concludes that plaintiff's physical impairments must be analyzed anew following remand of this matter. Therefore, the opinions of plaintiff's treating physician, Dr. Ortiz, should be evaluated anew following remand of this matter.

2. **Whether or not the ALJ failed to evaluate properly plaintiff's credibility and testimony**.

The Court already has concluded that the ALJ committed a harmful legal error in his evaluation of the medical evidence, *see supra*, section 1.a. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, despite numerous reasons provided by the ALJ for his credibility determination, plaintiff's credibility and testimony must be evaluated anew following remand of this matter. *See id.*

3. **Whether or not the ALJ failed to evaluate properly the lay evidence, provided by plaintiff's wife, Ms. Sara Blevins**.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," *see* 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members,

who are defined as "other non-medical sources," *see* 20 C.F.R. § 404.1513 (d)(4), and

"other sources" such as nurse practitioners, therapists and chiropractors, who are

considered other medical sources, *see* 20 C.F.R. § 404.1513 (d)(1). *See also Turner v.*

*Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. §

404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5, 2006 WL

2329939. An ALJ may disregard opinion evidence provided by "other sources,"

characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane

to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*citing Lewis v. Apfel*, 236

F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th

Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ

must consider lay witness testimony concerning a claimant's ability to work." *Stout v.*

*Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006)

(*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

     In addition, "where the ALJ's error lies in a failure to properly discuss competent

lay testimony favorable to the claimant, a reviewing court cannot consider the error

harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting

the testimony, could have reached a different disability determination." *Stout, supra*, 454

F.3d at 1056 (reviewing cases). However, if the ALJ has provided proper reasons to

discount the lay testimony in another aspect of the written decision, such as within the

discussion of plaintiff's credibility, the lay testimony may be considered discounted

properly even if the ALJ fails to link explicitly the proper reasons to discount the lay

testimony to the lay testimony itself. *See Molina, supra*, 674 F.3d 1104, 1121,  2012 U.S.

App. LEXIS 6570 at *24-*26, *32-*36, *45-*46 (*quoting Lewis, supra*, 236 F.3d at 512).

The Court will not reverse a decision by an ALJ in which the errors are harmless and do

not affect the ultimate decision regarding disability. *See Molina, supra*, 674 F.3d 1104,

2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111;

*Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

Here, the ALJ failed to discuss the lay evidence and provided no reason to fail to

credit it fully, committing legal error. *See Stout*, *supra*, 454 F.3d at 1053 (*citing Dodrill*,

*supra*, 12 F.3d at 919). Because this Court already has determined that this matter must

be reversed and remanded for further administrative proceedings due to an error in the

evaluation of the medical evidence, *see supra*, section 1.a, the Court will not analyze the

harmfulness of the ALJ's error in failing to discuss the lay evidence.

As "the ALJ, not the district court, is required to provide specific reasons for

rejecting lay testimony," the lay testimony provided by plaintiff's wife should be

explicitly evaluated following remand of this matter. *See Stout, supra*, 454 F.3d at 1054

(*citing Dodrill*, *supra*, 12 F.3d at 919).

4. **Whether or not this matter should be reversed and remanded for further**
**proceedings or remanded for an award of benefits**.

Generally, when the Social Security Administration does not determine a

claimant's application properly, "'the proper course, except in rare circumstances, is

to remand to the agency for additional investigation or explanation.'" *Benecke v.*

*Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth

1  Circuit has put forth a "test for determining when [improperly rejected] evidence

2  should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

3  211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

8  *Harman, supra,* 211 F.3d at 1178 (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th

9  Cir.1996)).

10       Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292.

11  Furthermore, the decision whether to remand a case for additional evidence or simply to

12  award benefits is within the discretion of the court.  *Swenson v. Sullivan*, 876 F.2d 683,

13  689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir.

14  1988)).

15       The ALJ is responsible for determining credibility and resolving ambiguities and

16  conflicts in the medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998);

17  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).   If the medical evidence in the

18  record is not conclusive, sole responsibility for resolving conflicting testimony and

19  questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

20  Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing*

21  *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

22

23

24

1
2
3
4
5

Therefore, remand is appropriate in order to allow the Commissioner the opportunity to consider properly all of the lay and medical evidence as a whole and to incorporate the properly considered lay and medical evidence into the consideration of plaintiff's credibility and residual functional capacity. *See Sample, supra*, 694 F.2d at 642.

6
7

### CONCLUSION

8
9
10

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

11

**JUDGMENT** should be for plaintiff and the case should be closed.

12

Dated this 22nd day of March, 2013.

13
14
15

J. Richard Creatura
United States Magistrate Judge

16
17
18
19
20
21
22
23
24